IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D.A.,[1]

        Plaintiff,

v.                                       Case No. 22-1197-JWB

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff filed this action for review of a final decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff and the Commissioner have each filed a brief. (Doc. 12, 16.) Plaintiff has filed his reply (Doc. 17) and the matter is accordingly ripe for decision. For the reasons stated herein, the decision of the Commissioner is AFFIRMED.

**I.      Standard of Review**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Commissioner's decision will be reviewed to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla and is satisfied by such evidence as a reasonable

---

[1] Plaintiff's initials are used to protect privacy interests.

mind might accept as adequate to support the conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). "Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the [Commissioner's] conclusions are rational." *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. *Glenn*, 21 F.3d at 984.

The Commissioner has established a five-step sequential evaluation process to determine disability. *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010). If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that he is not working at a "substantial gainful activity." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). At step two, the agency will find non-disability unless the claimant shows that he has a severe impairment. At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. *Id*. at 751. If the claimant's impairment does not meet or equal a listed impairment, the agency determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 416.920(a)(4)(iv), 404.1520, 416.945, 404.1545. The RFC represents the most that the claimant can still do in a work setting despite his impairments. *See Cooksey v. Colvin*, 605 F. App'x 735, 738 (10th Cir. 2015). The RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§

416.920(e)–(g), 404.1520(e)–(g).  At step four, the agency must determine whether the claimant can perform previous work.  If a claimant shows that he cannot perform the previous work, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.  *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003).

The claimant bears the burden of proof through step four of the analysis.  *Blea v. Barnhart*, 466 F.3d 903, 907 (10th Cir. 2006).  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  *Id.*; *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence.  *Thompson*, 987 F.2d at 1487 (citations omitted).

## II.     Background and Procedural History

The following is taken from the parties' submissions.  Plaintiff protectively filed for Supplemental Social Security Income on November 6, 2019, alleging a disability beginning on May 27, 2014.  Initially, he was denied on March 11, 2020, and upon reconsideration, was denied again on September 21, 2020.  On October 28, 2020, he requested a hearing before an Administrative Law Judge ("ALJ").  The hearing before ALJ Susan Toth took place on March 8, 2021, via telephone.  On September 24, 2021, the ALJ issued her unfavorable ruling.  (Doc. 12 at 1–2; Doc. 11 at 43.)

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 6, 2019.  At step two, she found that Plaintiff had severe impairments: degenerative changes, lumbar spine and cervical spine; and obesity.  Next, at step three, she found

that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (Doc. 11 at 45–46.)

The ALJ then considered Plaintiff's RFC and found he had the RFC "to perform light work as defined in 20 C.F.R. § 416.967(b) except that he can lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently, can stand or walk in combination for 4 hours in an 8-hour workday (but not for more than 30 minutes at one time uninterrupted), and can sit for 8 hours in an 8-hour workday with normal breaks." (*Id.* at 47.) The ALJ also found that Plaintiff "can occasionally reach overhead bilaterally. . . . can occasionally climb ramps and stairs; may not climb ladders, ropes, or scaffolds; and can occasionally stoop, kneel, crouch and crawl." (*Id.*)

At step four, the ALJ determined that Plaintiff could not perform any of his past relevant work. But at step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. The ALJ considered Plaintiff's age, noting that he was born on July 17, 1967, and was 52 years old on the date his application was protectively filed. The ALJ did not mention borderline age in her decision. Plaintiff was 54 years and approximately 2 months old at the time of the ALJ's decision. (*Id.* at 50–51; Doc. 16 at 2.)

Plaintiff filed a request for review by the Appeals Council, which the council granted. The council granted its final decision on June 30, 2022. The Appeals Council generally adopted the ALJ's decision but made a change to the RFC based on the hearing testimony, finding that Plaintiff "can stand or walk in combination for 6 hours in an 8-hour workday with normal breaks and can sit for 6 hours in an 8-hour workday with normal breaks." (Doc. 11 at 8–9.)

At the time of the Appeals Council decision, Plaintiff was 17 days shy of turning 55, which would have placed him in the category of "advanced age," rather than "closely approaching

4

advanced age." The Appeals Council did not consider Plaintiff's borderline age in their decision. (*Id.* at 9.)

**III. Analysis**

The only issue Plaintiff has brought for the court's consideration is whether the Appeals Council should have considered Plaintiff's borderline age at the time of their decision. Plaintiff contends that the Appeals Council should have at least considered his borderline age, and that if they had considered him in the advanced age category, they would have found him to be disabled. (Doc. 12 at 6–9.) The Commissioner contends that the relevant date to be considered is the date when the ALJ issued her decision, and that on that date, Plaintiff was not in a borderline age situation. (Doc. 16 at 5–7.)

There are three age categories that are used in making decisions about disability: a younger person (ages 18–49); a person closely approaching advanced age (ages 50–54); and a person of advanced age (ages 55 and older). 20 C.F.R. § 416.963(c)–(e). There are also special rules for people in the advanced age category who are closely approaching retirement (ages 60 and older), although those rules do not apply in this case. *Id.* § 416.963(e). These age categories are not to be applied mechanically in a borderline age situation. *Id.* § 416.963(b). This means that if an individual is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that" the individual is disabled, the ALJ will consider whether to use the older age category. *Id.*

The term "a few days to a few months" has been defined by the Social Security Administration to mean "a period not to exceed six months." Social Security Program Operations Manual System ("POMS"), DI 25015.006 Borderline Age.[2] Similarly, courts have generally

---

[2] Available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0425015006 (last visited March 31, 2023).

limited the term to six months or less from the next age category. *Richard De La T. v. Saul*, Case No. 20-1070-JWL, 2020 WL 6798771, at *4 (D. Kan. Nov. 19, 2020); *Byers v. Astrue*, 506 F. App'x 788, 791 (10th Cir. 2012) (noting Tenth Circuit has indicated borderline age means within six months but also finding no Tenth Circuit decisions of borderline age outside of four months from the next age category). Plaintiff was not in a borderline age situation at the time of the ALJ's decision when he was approximately 10 months from turning 55. At the time of the Appeals Council decision, Plaintiff clearly was in a borderline age situation, only 17 days from turning 55.

The question then is which date is the date that matters. The parties have not identified, nor has the court located, any Supreme Court or Tenth Circuit case which answers the question. However, the court looks to case law from other jurisdictions which is persuasive. In particular, the court finds *Szczesny v. Colvin*, 2015 WL 13649813, at *7 (D. Mass. Feb. 11, 2015), persuasive on this point.

In *Szczesny*, the claimant was one year and seven months away from the advanced age category at the time of the ALJ's decision. *Id.* at *6. The parties and the court agreed that the ALJ did not err in not discussing borderline age in that decision. *Id.* But the claimant argued that the Appeals Council should have considered his age at the time of their decision on appeal when he was only seven months from the advanced age category. *Id.* The court noted that the Appeals Council may only consider new evidence if it is related to the period of time on or before the date of the ALJ's decision. *Id.* at *7. The court also concluded that age is determined as of the date of the ALJ's decision, so the Appeals Council could not consider a claimant's age after that date. *Id.* "Were this not so, courts constantly would be remanding decisions as individuals aged through the appellate process." *Id.* (quoting *Barrett v. Apfel*, 40 F. Supp. 2d 31, 38 (D. Mass. 1999)); *see also Veach v. Comm'r, Soc. Sec. Admin.*, 2014 WL 35362, at *7 (D. Me. Jan. 6, 2014) ("The appropriate

6

age for purposes of considering the borderline age regulation on appeal from the ALJ's decision is the claimant's age as of the ALJ's decision."); *Madrigal v. Sullivan*, 777 F. Supp. 1503, 1506 (N.D. Cal. 1991). The court finds this authority very persuasive. It gets to the core of the reasoning for setting the age determination at the time of the ALJ's decision—if the claimant's age could be reconsidered at the time of appeal, reconsideration would often if not always be required as the claimant aged through the process.

The court concludes that Plaintiff's age at the time of the ALJ's decision is controlling. Plaintiff was approximately ten months from the next age category at the time of the ALJ's decision. The ALJ was not required to consider the borderline age situation at that time. And although Plaintiff had aged and was only 17 days from the next age category at the time of the Appeals Council decision, the age relevant for their consideration was Plaintiff's age at the time of the ALJ's decision. The Appeals Council did not err in not considering the borderline age situation. Accordingly, the decision of the Commissioner is affirmed.

**IV.    Conclusion**

For the reasons stated, the decision of the Commissioner is AFFIRMED. The clerk is directed to enter judgment in accordance with this order.

IT IS SO ORDERED. Dated this 10th day of April 2023.

                                                              s/ John W. Broomes
                                                             JOHN W. BROOMES
                                                             UNITED STATES DISTRICT JUDGE